Andrew B. Downs
Nevada Bar No. 8052
E-mail: andy.downs@bullivant.com
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA 94104
Telephone: 415.352.2700
Facsimile: 415.352.2701

Darren T. Brenner
Nevada Bar No. 8386
E-Mail: dbrenner@wrightlegal.net
WRIGHT, FINLAY & ZAK LLP
7785 W. Sahara Avenue, Suite 200
Las Vegas, NV 89117
Telephone: 702.475.7964
Facsimile: 702.946.1345

Attorneys for Defendants Sentinel Insurance Company, Ltd., Hartford Insurance Company of Illinois, Hartford Insurance Company of the Southeast, Hartford Underwriters Insurance Company, Hartford Insurance Company of the Midwest, Hartford Casualty Insurance Company, Hartford Fire Insurance Company, and Hartford Accident & Indemnity Company

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MA & ASSOCIATES, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SENTINEL INSURANCE COMPANY, LTD., a Connecticut corporation; HARTFORD INSURANCE COMPANY OF ILLINOIS, an Illinois corporation; HARTFORD INSURANCE COMPANY OF THE SOUTHEAST, a Connecticut corporation; HARTFORD UNDERWRITERS INSURANCE COMPANY, a Connecticut corporation; HARTFORD INSURANCE COMPANY OF THE MIDWEST, an Indiana | Case No.: 2:21-cv-01949-APG-BNW<br><br>**STIPULATION FOR CLAWBACK ORDER; (PROPOSED) CLAWBACK ORDER PURSUANT TO F.R.E. 502** |

|   |   |
|---|---|
| 1 | corporation; HARTFORD CASUALTY INSURANCE COMPANY, an Indiana corporation; HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation; HARTFORD ACCIDENT & INDEMNITY COMPANY, a Connecticut corporation; DOE INDIVIDUALS 1 through 50, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive, |
| 6 | Defendants. |

Plaintiff MA & Associates, LLC and defendants Sentinel Insurance Company, Ltd., Hartford Insurance Company of Illinois, Hartford Insurance Company of the Southeast, Hartford Underwriters Insurance Company, Hartford Insurance Company of the Midwest, Hartford Casualty Insurance Company, Hartford Fire Insurance Company, and Hartford Accident & Indemnity Company stipulate and request pursuant to Federal Rule of Evidence 502 that the Court enter the proposed order appearing below. This request is made to protect against inadvertent waiver of applicable privileges as authorized by Rule 502, and in particular, subsection (d) of that rule.

DATED:  January 3, 2022

BULLIVANT HOUSER BAILEY PC

By  */s/ Andrew B. Downs*
Andrew B. Downs
Nevada Bar No. 8052
101 Montgomery Street, Suite 2600
San Francisco, CA 94104
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Defendants Sentinel Insurance Company, Ltd., Hartford Insurance Company of Illinois, Hartford Insurance Company of the Southeast,  Hartford Underwriters Insurance Company, Hartford Insurance Company of the Midwest, Hartford Casualty Insurance Company, Hartford Fire Insurance Company, and Hartford Accident & Indemnity Company

DATED: January 3, 2022

BENDAVID LAW

By /s/ Stephanie J. Smith* (*ABD e-mail auth.)
Jeffery A. Bendavid
Nevada Bar No. 6220
Stephanie J. Smith
Nevada Bar No. 11280
7301 Peak Dr., Suite 150
Las Vegas, NV 89128
Telephone: 702.385.6114

Attorneys for Plaintiff MA & Associates, LLC

## CLAWBACK ORDER PURSUANT TO F.R.E. 502

Federal Rule of Evidence 502(d) authorizes the Court to ender an order providing that any applicable privilege or protection is not waived by inadvertent disclosure connected with the litigation pending before the court. The parties having stipulated, and good cause appearing,

IT IS HEREBY ORDERED, pursuant to Federal Rule of Evidence 502, that

1.  The inadvertent disclosure, in oral, electronic or written form, of any information which would otherwise be protected by Federal Rule of Evidence 501, Federal Rule of Evidence 502, or Chapter 49 of the Nevada Revised Statutes, including but not limited to NRS 49.095, shall not operate as a waiver of the applicable privilege or the work-product protection.

2.  Pursuant to Federal Rule of Evidence 502(d), any disclosure protected by this Order also is not a waiver of the applicable privileges or work-product protection in any other Federal or State proceeding.

3.  Should counsel for any party receive a document which he or she reasonably believes contains material protected by a privilege under Federal Rule of Evidence 501, Federal Rule of Evidence 502, or Chapter 49 of the Nevada Revised Statutes, including but not limited to NRS 49.095, counsel shall immediately notify counsel for the holder of the privilege and shall return or confirm in writing that they will destroy any and all copies of the document upon request, without waiving the receiving party's right to seek an order from the Court that the document(s) in question are discoverable. Notwithstanding the foregoing, if the receiving party

believes it has reasonable grounds to seek an order that the document(s) in question are discoverable, it may retain one copy solely for purposes, and for the duration, of the effort to seek such an order.

4. Should counsel for any party discover that it has produced a document(s) protected by privilege that she or he reasonably believes has been inadvertently produced, he or she shall immediately notify counsel for all other parties and request return of the document(s) or its destruction or deletion.

IT IS SO ORDERED.

DATED: 1/4/2022

_____
United States Magistrate Judge

4885-3158-9640.2

*****

– 4 –